UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MARTRESA SCRUGGS,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　*Plaintiff*,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　No.: 1:21-CV-00145
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　Judge Collier
WALMART INC., and HOME　　　　　　)
ESSENTIALS BRANDS, LLC, d/b/a　　)
MAINSTAYS PATIO ESSENTIALS,　　　)
　　　　　　　　　　　　　　　　　　)
　　*Defendants*.　　　　　　　　　)

## **M E M O R A N D U M**

Before the Court is a motion for summary judgment by Defendant Home Essentials Brands, LLC d/b/a Mainstays Patio Essentials ("Mainstays Patio Essentials"). (Doc. 18.) Plaintiff, Martresa Scruggs, filed a response (Doc. 28) and a reply (Doc. 34)[1] to the motion and Mainstays Patio Essentials filed a reply. (Doc. 31.) For the reasons articulated below, the Court will **DENY** the motion for summary judgement.

**I.　BACKGROUND**[2]

In her second amended complaint, Plaintiff asserts that on May 17, 2020, she purchased a Mainstays Patio Essentials citronella candle (the "Candle") from the Walmart store located at 490 Greenway View Drive in Chattanooga. (Doc. 6.) Seven days later, on May 24, 2020, Plaintiff lit

---

[1] Plaintiff's reply, Document 34, will not be considered because it was filed without leave of Court pursuant to Local Rule 7.1.

[2] As required, this Court accepts undisputed facts as true. In deciding a motion for summary judgment as to which the parties dispute any material facts, the Court must view the disputed evidence in the light most favorable to the party responding to the motion—here, Plaintiff—and draw all reasonable inferences in that party's favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

the Candle for the first time. After approximately two hours, the Candle exploded. The explosion caused the Candle to "throw hot wax over Plaintiff's face, right arm, and upper thigh causing her excruciating pain." (*Id.* at 6.) Additionally, "the wax from the [C]andle also splattered on her clothes, porch furniture, and onto the side of her home." (*Id.*) Plaintiff lost consciousness and as a result was taken to the emergency room by her boyfriend, Martrel Usher, where she was treated for severe burns and injuries. (*Id.*)

Plaintiff's boyfriend returned home while she was at emergency room. (Doc. 28-3 at 2.) When he returned home "the [C]andle had reignited and was burning again and … [he] threw water and salt on it to put out the flame." (*Id.*) To prevent further injuries, he "threw the candle in the garbage can because it was dangerous and [he] did not want [his] young children to be burned." (*Id.*)

A few days later Plaintiff returned to the same Walmart to take a "photo of the bottom of a similar Mainstays candle." (Doc. 28 at 2.) The bottom of the candle said, "for customer service, please call toll free: 1-844-660-3700" and "Made in China." (Doc. 28 Exhibit A.) Neither the name Mainstays Patio Essentials nor the name of any other manufacturer was located on the candle Plaintiff looked at. (*Id.*)

Plaintiff called the customer service number listed on the similar candle and spoke with Nate Broscoff ("Broscoff"), Director of Operations for Mainstays Patio Essentials. Broscoff and Plaintiff communicated via telephone "three to four times throughout the end of May and beginning of June 2020." (Doc. 18-1 [Broscoff Aff.] ¶ 7.); (Doc. 28-2 [Scruggs Aff.] ¶ 10.) Plaintiff and Mainstays Patio Essentials engaged in settlement negotiations regarding her claim related to the Candle but could not reach an agreement. (Doc. 18-1 [Broscoff Aff.] ¶ 10.) Plaintiff then retained Valerie Epstein ("Attorney Epstein") as counsel.

On July 13, 2020, Attorney Epstein sent a letter to Broscoff via email at nate@patio-essentials.com. The text of the letter states that Attorney Epstein sent the letter via email to "nate@**patio-central**.com." (Doc. 18-2 [July 13, 2020, Ltr.](emphasis added).) However, the email itself indicates, Attorney Epstein sent the letter to nate@**patio-essentials**.com. (Doc. 18-3 [July 16, 2020, Email to Broscoff](emphasis added).) The letter advised Broscoff of the incident that occurred on May 24, 2020. Specifically, the letter said Plaintiff sustained injuries "when a citronella bucket candle, manufactured by **Patio Central**, exploded and burned" the Plaintiff. (Doc. 18-1 [Briscoff Aff.] ¶ 15 (emphasis added).) On July 16, 2020, Broscoff responded to Attorney Epstein's email letting her know that "this case was handed over to [their] insurance company [S&C Colony Insurance Co] in June" and all communication should be handled through claims specialist Herbert Gresens ("Gresens").

On July 17, 2020, Gresens sent Attorney Epstein a letter advising her that Colony Insurance Company is a commercial general liability insurance carrier for Patio Essentials, acknowledging her representation of Plaintiff, and requesting all non-privileged documentation supporting Plaintiff's claims. (Doc. 18-4 [July 17, 2020, Ltr.].) In response, Attorney Epstein made a settlement demand by email claiming that Plaintiff was injured by the Candle sold by his client. (Doc. 18-5 [July 20, 2020, Emails.]). In her July 20, 2020, email to Gresens, Attorney Epstein also stated that, to her understanding, "there is at least one other case (Ellebracht) already in federal court alleging a similar fact pattern." (*Id*.) Gresens responded by email, acknowledging receipt of the claim, requesting any non-privileged information, and asking Plaintiff to preserve the Candle. (*Id*.)

On May 21, 2021, three days before a year from injury, Plaintiff filed her initial complaint in the Circuit Court of Hamilton County, Tennessee, against Walmart Inc., CL Products

3

International, LLC ("CL Products"), Candle-Lite Company, LLC, and Luminex Home Decor and Fragrance Company. Plaintiff's original complaint did not name Mainstays Patio Essentials as a Defendant. Plaintiff did not name Mainstays Patio Essentials until she filed her first amended complaint on June 14, 2021, almost a year after counsel's communications with Gresens. (Doc. 1-4.) Defendant Walmart Inc. removed the case to federal court on June 24, 2021. (Doc. 1.)

Plaintiff brings claims of (1) negligence, (2) strict liability for defective product design and manufacture, (3) strict liability for failure to warn, (4) unjust enrichment, (5) breach of the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101 *et seq.*, and (6) breach of the Tennessee Products Liability Act, Tenn. Code Ann. §§ 29-28-101 *et seq.* (*Id.*)

Mainstays Patio Essentials asks this Court for summary judgment because Plaintiff has failed to file suit against Mainstays Patio Essentials within the one-year statute of limitations and because Plaintiff's first amended complaint does not relate back to her initial filing. (Doc. 21 at 2.)

## II. STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for

4

trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga,* No. 1:08-cv-63, 2009 WL 3762961, at *2–3 (E.D. Tenn. Nov. 4, 2009) (explaining the court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should grant summary judgment. *Id*. at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

### III. DISCUSSION

The Court will evaluate whether Plaintiff's suit against Mainstays Patio Essentials is timely. Part A will discuss whether Plaintiff filed suit against Mainstays Patio Essentials within the time required by the statute of limitations. Finding she did not, Part B will discuss how there are still some disputed facts as to whether Plaintiff's amended complaint against Mainstays Patio Essentials relates back to her initial filing.

### A. Plaintiff Failed to File Suit Against Mainstays Patio Essentials in a Timely Manner

Mainstays Patio Essentials argues Plaintiff "did not file her Complaint against Mainstays Patio Essentials within the one-year statute of limitations" because she "did not file suit against

5

Mainstays Patio Essentials until June 14, 2021, twenty-one (21) days after the one-year statute of limitations ran." (Doc. 21 at 5-6.)

Plaintiff disagrees and argues the six-year statute of repose applies rather than the one-year statute of limitations. (Doc. 28 at 4.)

Tennessee Code Annotated Section 29–28–103(a) provides in part that,

> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §[] 28-3-104 . . . , but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury….

Section 28–3–104(a)(1), in turn, provides that actions for "injuries to the person" "shall be commenced within one (1) year after the cause of action accrued." Section 28–3–104(b) further explains that "in products liability cases," the "cause of action for injury to the person shall accrue on the date of the personal injury, not the date of the negligence or the sale of a product." Furthermore, Section 28–3–104(a)(1)(A) states that actions for injuries to the person shall be commenced within one year after the cause of action accrued.

There is no genuine dispute of material fact as to when Plaintiff was injured, May 24, 2020, or when she filed suit against Patio Essentials, June 14, 2021. Thus, the Court will address this issue as a matter of law. Plaintiff has failed to comply with the one-year statute of limitations because she filed suit twenty-one days outside of the deadline. Plaintiff, however, argues that the six-year statute of repose applies, instead of the one-year statute of limitations. Plaintiff's argument is incorrect.

A case must satisfy both the statute of limitations and the statute of repose. *Watts v. Putnam Cnty.*, 525 S.W.2d 488, 493 (Tenn. 1975) ("If either has expired, the lawsuit may not be brought.") The statute of limitations is subject to tolling while the statute of repose is not.

"A statute of limitations runs from the period of plaintiff's discovery of a wrongful act, whereas the statute of repose runs from the event itself, here, … the date of [the incident]. Accordingly, 'a statute of repose limits the time within which [an] action may be brought' and is 'entirely unrelated to the accrual of a cause of action.' *Bauer v. Wyndham Vacation Resorts, Inc.*, No. 3:18-CV-262-TAV-DCP, 2021 WL 1220929, at *10 (E.D. Tenn. Mar. 31, 2021) (citing *Moore v. Westgate Resorts, Ltd., L.P.* No. 3:18-CV-00410-DCLC, 2020 WL 6814666, at *10 (E.D. Tenn. Nov. 18, 2020).

The statute of repose does not apply. Here, the text of the statute states, "but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury." Thus, if a case is not filed within the statute of limitations but an exception applies, the case can be brought if it is still within the statute of repose. The statute of repose is not an alternative to the statute of limitations. Rather, it is a limit on how far the statute of limitations can be extended where an exception exists. Here, there are no exceptions. Plaintiff does not cite any authority under Tennessee law for how any exception would apply in her case to trigger the six-year limitation. Instead, Plaintiff cites public policy reasoning for why the statute of repose exists, rather than how it applies to her case. Plaintiff has no authority to cherry pick the limit she prefers; if so, the one-year statute of limitations would never apply.

In addition, Plaintiff cites *Erie R. Co. v Tompkins*, 304 U.S. 64, 78 (1938), to show that "federal court, sitting in a diversity action is to apply state substantive law and federal procedural law." (Doc. 28 at 5.) That is exactly what the Court has done.

The Court's application of Section 29–28–103(a) to the facts does not show an exception that would trigger the application of the six-year statute of repose. Therefore, because no exception

7

applies, the one-year statute of limitations term, rather than the statute of repose, applies, and Plaintiff has failed to timely file against Mainstays Patio Essentials.

### B. Plaintiff's Amended Complaint, Which Names Patio Essentials, May Relate Back to Her Initial Filing

Unless Plaintiff can show her claim against Mainstays Patio Essentials may relate back to her original complaint, the Court must grant Mainstays Patio Essentials motion for summary judgment.

Mainstays Patio Essentials argues Plaintiff's claims against it do not relate back to her initial filing "because Plaintiff believed Mainstays Patio Essentials was the proper party to file suit against yet chose not to file suit against it within the one-year statute of limitations." (Doc. 21 at 6.)

Plaintiff argues there was a misunderstanding in identifying the proper party. (Doc. 28 at 7.) Plaintiff states "[w]hen speaking with [Broscoff], he never informed Plaintiff that he represented Patio Essentials but stated that he was aware of a "Mainstays" brand candle exploding the previous year. Aff. Scruggs, ¶¶ 11-12." (*Id*.) This miscommunication allegedly "led Plaintiff to believe that CL Products International, who manufacturers indoor candles for Walmart under the "Mainstays" name, was the manufacturer of the candle which exploded and caused her injury." (*Id*.)

There are several genuine disputes of material fact. For one, the parties seem to disagree on what Plaintiff knew about the entities involved and whether she made a mistake about the entity (e.g. Patio Central vs. Patio Essentials vs. Mainstays Patio Essentials vs. all the other entities Plaintiff named in the first suit). There could also be a dispute of fact about whether Mainstays

8

Case 1:21-cv-00145-CLC-CHS   Document 51   Filed 07/12/22   Page 8 of 9   PageID #: 371

Patio Essentials "knew or should have known" the action would have been brought against it if not for such a mistake.

Thus, because there is a genuine dispute of material fact, the Court cannot address this as a matter of law and will **DENY** the motion for summary judgment.

## IV. CONCLUSION

Although Plaintiff failed to file suit against Mainstays Patio Essentials until after the one-year statute of limitations had run, because there is a genuine dispute of material fact about whether Plaintiff's amended complaint relates back to her initial filing, the Court will **DENY** Mainstays Patio Essentials's motion for summary judgment (Doc. 18).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**