UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MARTRESA SCRUGGS, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:21-cv-145 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| WALMART INC. *and* HOME ESSENTIALS ) | Magistrate Judge Christopher H. Steger |
| BRANDS LLC d/b/a MAINSTAYS PATIO ) | |
| ESSENTIALS, ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM**

Before the Court is Defendant Walmart Inc.'s ("Walmart") motion to exclude the testimony of an expert witness, Charles Coones, for Plaintiff Martresa Scruggs under Rule 702 of the Federal Rules of Evidence, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). (Doc. 84.) Plaintiff has responded in opposition (Doc. 87) and Walmart has replied (Doc. 89). The matter is now ripe for review.

**I.  BACKGROUND**

Plaintiff Martresa Scruggs brought this products-liability action to recover for injuries she sustained on May 24, 2020, that were allegedly caused by a citronella candle sold by Walmart. (Doc. 85 at 1.) Plaintiff alleges the candle "exploded," throwing hot wax over her face, right arm, and upper thigh, and splattering hot wax onto her clothes, porch furniture, and the side of her house. (Doc. 87 at 1.) Plaintiff intends to present the testimony of expert witness Charles Coones. (*Id.*)

Mr. Coones holds a master of engineering in civil engineering from the University of Louisville and a master of science in environmental engineering from the University of Tennessee,

and he is pursuing a master of science in fire-protection engineering from the Worcester Polytechnic Institute. (Doc. 87-3 at 1.) Prior to working as a fire-protection engineering consultant, he worked as a fire-protection engineer at various organizations. (*Id.* at 1–2.) Mr. Coones is certified as a professional engineer in Tennessee and Alabama, is a certified fire and explosion investigator and a certified safety professional, and is a licensed private investigator in Tennessee. (*Id.* at 2.)

Mr. Coones prepared a report summarizing his findings and conclusions after he interviewed Plaintiff at her residence, reviewed the literature, partially reconstructed the candle accident, and tested "similar Walmart candles obtained both at local stores and online." (Doc. 87-4 at 1.) Mr. Coones obtained only one candle in Chattanooga that had the same Universal Product Code ("UPC") as the candle Plaintiff purchased ("Same-UPC Candle"); the Same-UPC Candle "underwent chemical analysis but was not burned in order to preserve it for later use." (*Id.*) Instead, Mr. Coones used candles with a similar appearance but different UPCs to attempt to recreate the accident Plaintiff experienced ("Similar-UPC Candles"). (*Id.*) The Similar-UPC Candles had a UPC code of 11381 02844 2, while the Same-UPC Candle had a UPC of 11381 02548. (*Id.* at 3.) The Same-UPC Candle's UPC matched the UPC of the candle Plaintiff had purchased. (*Id.*)

Mr. Coones conducted Fourier Transform Infrared ("FTIR") spectroscopy on the Same-UPC Candle and Similar-UPC Candles. (*Id.*) He then ran a series of tests on the Similar-UPC Candles to try to replicate the candle behavior Plaintiff had described. (*Id.* at 4.) In doing so, he "generally followed" ASTM (American Society for Testing and Materials) International's Standard Specification for Fire Safety for Candles, as provided by provision ASTM F2417-17. (*Id.*) He did deviate from ASTM F2417-17 by not trimming the wicks to replicate typical

2

consumer use. (*Id.*) He tested six candles by modifying them with drilled holes and/or adding different adulterants (citronella oil, water, and citronella torch fluid) and ran two baseline tests on unmodified candles. (*Id.*) Mr. Coones concluded, "Overall results of the testing did not replicate the extreme candle behavior reported by [Plaintiff]. However, testing was performed on candles with a different UPC . . . and based on the FTIR results, a different candle formulation." (*Id.* at 5.)

Walmart now moves to excluded the proffered expert opinion of Mr. Coones. (Doc. 84.)

## II. STANDARD OF REVIEW

Rule 702 of the Federal Rules of Evidence provides the standard for admission of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 reflects decisions by the United States Supreme Court in *Daubert*, 509 U.S. 579, and *Kumho*, 526 U.S. 137, which establish the district courts' role as gatekeepers to exclude unreliable expert testimony. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528 (6th Cir. 2008) (discussing *Daubert* and *Kumho*). The Court does not decide whether an opinion is correct, but only whether it rests on a reliable foundation. *Id.* at 529–30.

The Court of Appeals for the Sixth Circuit has identified three requirements under Rule 702: (1) the proposed expert must have the requisite qualifications, whether it be through knowledge, skill, experience, training, or education; (2) the proposed testimony must be relevant, that is, it will help the trier of fact to understand the evidence or to determine a fact in issue; and

3

(3) the proposed testimony must be reliable. *Id.* at 529. Relevant testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* (quoting Fed. R. Evid. 702). A nonexclusive list of factors to consider in assessing reliability includes "testing, peer review, publication, error rates, the existence and maintenance of standards controlling the technique's operation, and general acceptance in the relevant scientific community." *Id.* (quoting *United States v. Langan*, 263 F.3d 613, 621 (6th Cir. 2001)). These factors do not apply in every case; they should be tailored to the case as necessary and should only be applied "where they are reasonable measures of the reliability of expert testimony." *Id.* (quoting *Gross v. Comm'r*, 272 F.3d 333, 339 (6th Cir. 2001)).

"It is the proponent of the testimony that must establish its admissibility by a preponderance of proof." *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001) (citing *Daubert*, 509 U.S. at 592 n.10).

### III. ANALYSIS

Walmart seeks to exclude Mr. Coones's proffered testimony on the grounds that it is neither reliable nor relevant. The parties do not dispute his qualifications. The Court will address each factor in turn.

#### A. Reliability

Walmart argues that Mr. Coones's testimony is unreliable because he did not test the Same-UPC Candle, instead testing Similar-UPC Candles, and he was unable to replicate Plaintiff's accident. (Doc. 85 at 5.) Walmart argues his "opinions are not based on any scientific data or methodology" because he "did not even conduct testing to determine the operating temperature of the candle wax or the flashover temperature of the candle." (*Id.*) Therefore, Walmart argues, Mr.

4

Coones's "opinions are not supported by the testing that he conducted and are not based on any discernible methodology." (*Id.* at 5–6.)

Plaintiff responds that Mr. Coones conducted "a series of scientific testing" using scientifically reliable methods. (Doc. 87 at 7.) Plaintiff also notes Mr. Coones's use of FTIR spectroscopy to determine that the Same-UPC Candle had a higher level of combustible material than the candles currently being sold by Walmart. (*Id.*)

Walmart replies that Mr. Coones's opinions are based on untested speculation because all of the testing he conducted was on the Similar-UPC Candles. (Doc. 89 at 3.) Walmart also argues that Mr. Coones's opinions about the Similar-UPC Candles are an unreliable foundation for his opinions about Plaintiff's original candle. (*Id.*)

"The task for the district court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation." *Scrap Metal*, 527 F.3d at 529–30. "[T]he relevant reliability concerns may focus upon personal knowledge or experience." *Kumho*, 526 U.S. at 150.

Here, Plaintiff has demonstrated Mr. Coones's expert opinion is reliable. First, FTIR spectroscopy is a reliable method that is generally accepted within the scientific community. *See United States v. Baker*, No. 09-20068, 2012 WL 12905211, at *1 (W.D. Tenn. June 1, 2012) (stating that the Tennessee Bureau of Investigation used a FTIR spectrometer analysis to conclude that a substance contained cocaine); *Dow v. Rheem Mfg. Co.*, Nos. 09-13697, 10-10753, 11-10647, 2011 WL 4484001, at *8 (E.D. Mich. Sept. 26, 2011) (explaining how FTIR spectroscopy was used to identify the material of a rubber seal). Mr. Coones used FTIR spectroscopy to identify the chemical composition of the Same-UPC Candle and Similar-UPC Candles, which is a reliable scientific methodology that complies with *Daubert*.

5

Second, the Court agrees with Plaintiff that Mr. Coones tested the Similar-UPC Candles using reliable, albeit basic, scientific testing. Mr. Coones used the industry standard for candle testing, provided by ASTM F2417-17, which formed a reliable basis when he attempted to replicate Plaintiff's candle incident. (Doc. 87-4 at 4.) Mr. Coones also conducted a review of the literature in the field, which included reports from the U.S. Consumer Product Safety Commission and the National Fire Protection Association. (*Id.* at 2–3.) When testing the candles, Mr. Coones included two control candles and used only candles identical in appearance to and with identical listed ingredients as Plaintiff's original candle. Taking all of this into consideration, the Court concludes that Mr. Coones's opinion is sufficiently reliable for admission before the jury. The Court "will not exclude expert testimony merely because the factual bases for an expert's opinion are weak." *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 729 (6th Cir. 2012) (quoting *Boyar v. Korean Air Lines Co., Ltd.*, 954 F. Supp. 4, 7 (D.C. Cir. 1996)).

**B.     Relevance**

Next, Walmart argues that Mr. Coones's opinion is not relevant because the "comparative chemical composition of candles other than the subject candle will not assist the jury in determining whether the [original] candle was in a defective condition or unreasonably dangerous as defined" in the Tennessee Products Liability Act ("TPLA"), Tenn. Code Ann. § 29-28-101 (West 2023), nor would his opinion help the trier of fact understand causation. (Doc. 85 at 3.) Walmart underscores that Mr. Coones stated that a candle's UPC does not necessarily indicate its formulation. (*Id.*)

Plaintiff responds that Mr. Coones's testimony is relevant because it will be used to contradict the testimony of the chief executive officer ("CEO") of Defendant Home Essentials

Brands, LLC ("Home Essentials"), Jack Murphy.[1]  (Doc. 87 at 4.)  Murphy had testified that the candle formula did not change, while Mr. Coones's FTIR spectroscopy testing indicated that the formula had changed.  (*Id.*)  Thus, Plaintiff argues, Mr. Coones's testimony would assist the trier of fact in determining whether the original candle was defective or unreasonably dangerous under the TPLA.  (*Id.*)

Relevance "goes to whether the expert testimony proffered is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Pride v. Bic Corp.*, 54 F. Supp. 2d 757, 762 (E.D. Tenn. 1998).  There must be a "'fit' between the testimony and the issue to be resolved by the trial." *Merrell v. Roane Cnty. Gov't*, No. 3:21-cv-338, 2023 WL 3010171, at *4 (E.D. Tenn. Apr. 19, 2023) (quoting *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 859 (W.D. Mich. 2008)).

Here, Plaintiff has demonstrated Mr. Coones's expert opinion is relevant.  Mr. Coones's testing of the Similar-UPC Candles and the FTIR spectroscopy of the Same-UPC Candle are relevant to the issues of whether Plaintiff's original candle was defective when it left Walmart's control and whether Plaintiff's original candle was unreasonably designed by Home Essentials.  Mr. Coones's testimony would assist the trier of fact in understanding the possible causes of a candle explosion, like structural deficiencies in the candle, adulterants in the wax, or overheating of the candle surface.  And as Plaintiff points out, the FTIR spectroscopy results could be relevant in rebutting the testimony of the CEO of Home Essentials.

Walmart urges the Court to exclude Mr. Coones's testimony on the basis that he did not test Plaintiff's original, unavailable candle, which supposedly renders his opinion not relevant.  But Walmart fails to cite any case law supporting its argument that testing on alternative products

---

[1] Plaintiff erroneously refers to him as "Jack Murphey" in her briefing.

is not relevant. Again, Mr. Coones's use of the Similar-UPC Candles is not a *Daubert* issue, but rather goes to the weight, credibility, and accuracy of his testimony. *See Eimers v. Lindsay Corp.*, 2021 WL 5647993, at *6 (E.D. Tenn. Dec. 1, 2021), *rev'd on other grounds by Eimers v. Lindsay Corp.*, No. 1:19-cv-44, 2022 WL 1721451 (E.D. Tenn. May 27, 2022) (permitting expert testimony that considered the particular circumstances of an accident by using photographs and an emergency medical services report). Therefore, the Court finds Mr. Coones's testimony to be relevant.

Because Plaintiff has shown by a preponderance of the evidence that Mr. Coones's testimony is both reliable and relevant, and neither party disputes his qualifications, his testimony is admissible under *Daubert*, *Kumho*, and Federal Rule of Evidence 702.

## IV. CONCLUSION

For the foregoing reasons, the Court will **DENY** Walmart's motion to exclude the testimony of Mr. Coones (Doc. 84).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**